IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rasheed Abdullah Muhammad, a.k.a. James Lee Johnson, | Case No.: 4:23-cv-5961-JD-KDW |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Alcohol, Tobacco, and Firearms, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 27.) Plaintiff Rasheed Abdullah Muhammad, a.k.a. James Lee Johnson ("Plaintiff" or "Muhammad"), proceeding *pro se*, brought this action alleging a violation of his civil rights by the Bureau of Alcohol, Tobacco, and Firearms ("Defendant" or "ATF"). (DE 1.)

Plaintiff brings this action for money damages against unnamed ATF agents pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges on June 2, 2023, five or six unmarked SUVs pulled up to his job, and an agent exited one of the vehicles and said he had a warrant for Plaintiff's arrest. (DE 21, p. 5.) Plaintiff states the agent did not present him with a warrant, and despite repeatedly asking why he was being arrested, the agent never explained that to him. (Id. at 5-6.) Plaintiff claims the agent cuffed

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

him without reading him his Miranda rights.  See Miranda v. Arizona, 384 U.S. 436 (1966).  (Id. at 6.)  Plaintiff says he was "dumbfounded and was never aware of such indictment."  (Id.)

By order issued on January 8, 2024, the Court provided Plaintiff an opportunity to correct the defects identified in his Amended Complaint.  (DE 17.)  Plaintiff was advised that if he failed to timely file a second amended complaint or failed to cure the identified deficiencies, the Magistrate Judge would recommend the action be dismissed without leave for further amendment.  Plaintiff's Second Amended Complaint fails to correct the deficiencies and, like the Amended Complaint, fails to state a claim upon which relief can be granted.

The Report was issued on January 31, 2024, recommending the Second Amended Complaint be dismissed without prejudice and without issuance and service of process.  (DE 27.)  Plaintiff did not file an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 27) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Second Amended Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 23, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.